**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**MICHAEL GONZALEZ,**

        **Petitioner,**

v.                                                           **Civil Action No. 1:08cv104**
                                                                        **(Judge Keeley)**

**KUMA DEBOO, Warden,**[1]

        **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

The above styled case is before the undersigned for consideration of the *pro se* petitioner's petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, the government's response,[2] and the petitioner's reply. In the petition, the petitioner challenges a disciplinary proceeding that resulted in the loss of good conduct credit.

### I. Petitioner's Disciplinary Proceedings

On May 19, 2007, the petitioner received an incident report in which he was charged with a violation of prohibited act code 201, Fighting with Another Person. See Respondent's Response (dckt. 13), Ex. 1 at Att. 1. In the report, Correctional Officer J. Suchecki reported that the petitioner

---

[1] In the petition, the petitioner names the Federal Bureau of Prisons, Kuma Deboo, Records Office for the BOP, Marc Renda and unknown federal employees as respondents in this action. However, the proper respondent in a habeas action is the custodian of the prisoner. See 28 U.S.C. §2243 ("[t]he writ of habeas corpus or order to show cause shall be directed to the person having custody of the person detained"); Rumsfeld v. Padilla, 542 U.S. 426, 434, 435 (2004) (the writ of habeas corpus acts upon the person with the ability to produce the prisoner's body before the habeas court, therefore, the only proper respondent is the petitioner's custodian); Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 494 (1973) "[a] writ of habeas corpus does not act upon the prisoner who seeks habeas relief, but upon the person who holds him in . . . custody). Consequently, the proper respondent in this case is Kuma Deboo, the Warden at the petitioner's current place of incarceration. Thus, all other named respondents should be dismissed from this case.

[2] In response to the petition, the respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. Dckt. 12.

and another inmate were involved in a fight in the recreational exercise restroom. *Id.* The officer stated that a video surveillance tape showed the petitioner and another inmate enter the restroom to resolve a verbal dispute. *Id.* The verbal dispute escalated into a physical confrontation that resulted in injuries to both the petitioner and the other inmate. *Id.*

At the time the report was delivered to the petitioner, he was advised of his rights. *Id.* The petitioner admitted that he hit the other inmate, but stated that he did so only in self-defense. *Id.*

A Unit Disciplinary Committee ("UDC") hearing[3] was held on May 23, 2007, to determine if there was a basis for the charges. *Id.* At that hearing, the petitioner stated that he went into the restroom to talk to the other inmate and that he was attacked by the other inmate upon entering the restroom. *Id.* The petitioner further stated that the other inmate knocked him to the ground, hit him and kicked him. *Id.* The UDC referred the charges to a Disciplinary Hearing Officer ("DHO") for further proceedings.[4] *Id.*

The plaintiff was provided a Notice of Discipline Hearing before a DHO on May 23, 2007. Resp't Ex. 1, Att. 2. At that time, the plaintiff requested staff representation and declined to name any witnesses. *Id.* The petitioner was notified of his rights at that time. Resp't Ex. 1, Att. 3.

A DHO hearing was held on May 2, 2007. Resp't Ex. 1, Att. 4. At the start of the hearing, the petitioner was advised that his requested staff representative was unavailable. *Id.* The petitioner was then given the option to select another representative, postpone the proceedings or waive

---

[3] Pursuant to 28 C.F.R. §§ 541.2 and 541.15, a Unit Disciplinary Committee consists of one or more staff members who hold an initial hearing within 3 working days from the date staff became aware of an incident to determine whether the prohibited act, or a similar one, was committed, not committed, or whether further proceedings are needed.

[4] Pursuant to 28 C.F.R. §§ 541.2, a disciplinary Hearing Officer is an independent hearing officer who conducts disciplinary hearings referred for further action by the UDC and who imposes sanctions if a violation is found.

representation. *Id.* The petitioner chose to waive representation and proceed. *Id.*

At the DHO hearing, the petitioner gave a statement about the incident in question. *Id.* Specifically, the petitioner stated, "I don't consider this a fight but an assault. I was sucker punched." *Id.* However, after questioning, the petitioner admitted going into the restroom to settle a verbal dispute with the other inmate. *Id.* Moreover, the petitioner admitted punching the other inmate. *Id.*

The DHO viewed a surveillance tape of the incident and noted that it corroborated the account of reporting staff in that it showed both the petitioner and the other inmate throwing closed fist punches at each other. *Id.* In addition, the DHO noted that the photographs and injury reports of each of the inmates after the incident were consistent with a fight. *Id.* The DHO also noted that exchanging closed fist punches with another person was not consistent with a claim of self-defense. *Id.* Accordingly, the DHO found the petitioner guilty of the charges and sanctioned him to 30 days disciplinary segregation, 27 days loss of good time, impounding property for 30 days and six-month loss of visiting and commissary privileges. *Id.* The DHO felt that such sanctions were appropriate given the nature of the charges and the threat to the health, safety and welfare that such actions pose to staff and other inmates. *Id.*

The petitioner appealed the decision of the DHO to the Regional and Central Offices of the Bureau of Prisons. *Id.* at Ex. 1, ¶ 7. The findings of the DHO were upheld on appeal. *Id.*

## II. Contentions of the Parties

**A. The Petition**

In the petition, the petitioner challenges the disciplinary action taken against him on the following grounds:

(1) he was denied access to the video tape of the incident; and

(2) the DHO relied on false and misleading memorandums of staff.

**B.   The Government's Response**

In its response to the petition, the government seeks dismissal of the petition, or judgment as a matter of law, and requests that relief be denied for the following reasons:

(1) the petitioner received all the process he was due; and

(2) the evidence is sufficient to support the DHO's findings.

**C.   The Petitioner's Reply**

In his reply, the petitioner asserts that the respondent fails to identify the applicable rule which gives the Court the authority to dismiss his case or grant summary judgment.[5]  The petitioner further argues that there are material facts in dispute and that summary judgment is not appropriate.

### III.   Standards of Review

**A.   Motion to Dismiss**

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc., v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990).  Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  Conley

---

[5] This argument is meritless.  The respondent clearly states that the summary judgment motion is filed pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See dckt. 12.  Moreover, it is inconsequential that the respondent does not specifically cite Rule 12(b) of the Federal Rules of Civil Procedure as the basis for the motion to dismiss.  When a motion to dismiss is accompanied by affidavits, exhibits and other documents, the motion is construed as a motion for summary judgment.

4

v. Gibson, 355 U.S. 41, 45-46 (1957).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

**B.　Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of

evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

## IV. Analysis

The Federal Bureau of Prisons ("BOP") is charged with the responsibility of administering the federal prison system. See 18 U.S.C. § 4042. Included in this duty is the obligation to provide for the protection, instruction and *discipline* of all persons charged with or convicted of offenses against the United States. § 4042(a)(3) (emphasis added). Therefore, the BOP has promulgated rules for inmate discipline. See 28 C.F.R. § 541.10, et seq.

Moreover, prison disciplinary proceedings are not part of a criminal prosecution, therefore, the full panoply of rights that are due a defendant in a criminal proceeding do not apply in prison disciplinary proceedings. Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963, 2975 (1974) ("there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution"). However, inmates are entitled to some due process protections. Id. Those protections include: written notice of the charges at least 24 hours before a hearing to enable the inmate to prepare a defense; to call witnesses and present documentary evidence if doing so is not an undue hazard to institutional safety, and a written explanation of the evidence relied on and reasons for disciplinary action. Id. On the other hand, an inmate does not have a right to confrontation and cross-examination, or a right to counsel. Id at 567, 570. Disciplinary decisions comport with the requirements of procedural due process when there is "some evidence" to support the disciplinary decision by the fact finder. Superintendent, Mass. Corr. Institution v. Hill, 472 U.S. 445, 117 S.Ct. 1584 (1985).

In this case, it is clear that the petitioner received all the due process to which he was entitled. In addition, it cannot be disputed that the petitioner received all of the due process safeguards delineated in Wolff. The crux of the petitioner's claim is that he was not allowed to view the surveillance tape that captured the incident on video. The petitioner asserts that such tape was exculpatory and would have shown that he acted only in self-defense.

This claim is meritless. Neither Wolff nor the due process clause entitles an inmate in a prison disciplinary proceeding to view all of the evidence against him. Moreover, it is not as if the evidence was available and the DHO refused to consider it. In this case, the DHO did watch the surveillance tape and considered it in making his findings. The DHO concluded that the tape showed the petitioner exchanging closed fist punches with another inmate, that the tape was consistent with reports that the petitioner had engaged in a fight with another inmate and inconsistent with a claim of self-defense. The real issue in this case is the petitioner's disagreement with the findings of the DHO. The petitioner asserts that the surveillance tape is exculpatory,[6] when the DHO clearly found that it was not. Thus, the petitioner essentially challenges the sufficiency of the evidence against.

As noted above, however, disciplinary decisions comport with the requirements of procedural due process when there is "some evidence" to support the disciplinary decision by the fact finder. Superintendent v. Hill, 472 U.S. at 455-56. This standard is not a high one and can be satisfied where "there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* (emphasis added).

---

[6] It is unclear how the petitioner can allege that the tape is exculpatory when he has never even viewed it.

Here, the DHO relied on the incident report, the injury assessment forms of the parties involved, photographs of the parties' injuries and the video evidence. The incident report states as follows:

> On May 19, 2007, at approximately 12:30 p.m., I conducted an investigation which revealed on May 19, 2007, at approximately 12:30 p.m., inmates Gonzalez, Michael #48306-066, and Morales, William #44664-054, were involved in a fight in the Rec Exercise Inmate Bathroom. Based on video surveillance of the Rec Restroom(,) [i]t is clear Gonzalez and Morales entered the inmate bathroom to resolve a verbal dispute, which resulted in a physical fight. Furthermore, both inmates sustained injuries consistent with being involved in a fight.

Resp't Ex. 1 at Att 1.

Moreover, although the petitioner claimed self-defense, he also admitted punching Inmate Morales. Resp't Ex. 1, Att. 2. at Sec. V. The DHO also considered the eyewitness reports of staff and the injury assessments of the inmates after the incident. *Id.* According to the DHO, the injury assessment forms and photographs show both inmates had abrasions and redness about the body. *Id.* Therefore, even without the surveillance tape, there is "some evidence" to support the DHO's finding that the petitioner committed the prohibited act of fighting.

However, giving the petitioner the benefit of the doubt, the DHO also reviewed the video tape to see if it corroborated the petitioner's claim of self-defense. *Id.* The DHO found that the video showed both inmates threw closed-fists punches. *Id.* Noting that self-defense consists of the use of force only to repel an attack, the DHO found that the video was inconsistent with the petitioner's claim of self-defense. *Id.* Thus, the surveillance tape was clearly not exculpatory and the petitioner's due process rights were not violated when he was not permitted to view the tape.

As to his claim that the DHO relied on the false and misleading memoranda of staff, the petitioner provides no support for this claim. In fact, the petitioner does not identify which

8

statements of staff were false or how they were false. The petitioner's self-serving and conclusory allegations in this regard are insufficient to show that his due process rights were violated.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that the respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (dckt. 12) be **GRANTED** and the petitioner's § 2241 petition (dckt. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt, to his last known address on the docket, and to counsel of record via electronic means.

DATED: April 8, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE