```
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**MICHAEL GONZALEZ,**

    **Petitioner,**

**v.                     //        CIVIL ACTION NO. 1:08CV104**
                                       **(Judge Keeley)**

**KUMMA DEBOO, Warden,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On April 18, 2008, pro se petitioner, Michael Gonzalez ("Gonzalez"), filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 challenging a disciplinary proceeding which resulted in the loss of good conduct credit. The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.09.

Following a motion to dismiss filed by the respondant, Kumma Deboo ("Deboo"), Magistrate Judge Kaull issued an Opinion and Report and Recommendation ("R&R") recommending that Gonzalez's Motion Under § 2241 be denied and the case be dismissed because Gonzalez's due process rights had not been violated in the disciplinary proceeding, and that the respondent's motion to dismiss should be granted.

The Report and Recommendation also specifically warned the parties that failure to object to the recommendation would result

in the waiver of any appellate rights on this issue.  No objections were filed.[1]

Therefore, the Court **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 17), **GRANTS** Deboo's Motion to Dismiss or in the Alternative, Motion for Summary Judgment (dkt. no. 12), **DENIES** Gonzalez's motion under § 2241 (dkt. no. 1) and **ORDERS** Gonzalez's case **DISMISSED WITH PREJUDICE** and stricken from the Court's docket.

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to counsel of record, and to mail a copy to the pro se petitioner, certified mail, return receipt requested.

Dated: April 28, 2009

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented.  See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).